IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY ALLEN CLAYBON,<br>　　　　Plaintiff,<br>vs.<br><br>DALLAS COUNTY DISTRICT<br>ATTORNEY,<br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br>Civil Action No. 3:22-CV-2185-S-BH<br><br><br><br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the plaintiff's *Motion for Summary Default Judgment*, filed November 22, 2022 (doc. 11), should be **DENIED**.

### I.  BACKGROUND

On October 3, 2022, the *pro se* plaintiff sued the defendant, alleging that he had been illegally arrested in December 1999 and illegitimately sent to prison for ten years. (*See* doc. 3 at 1.)[2] He claims that his illegitimate five-year term of probation, which he had been coerced into accepting despite his innocence, had expired in September 1998. (*Id.*) He also contends that his petition for writ of habeas corpus was denied because the appellate attorney for the State knowingly submitted fictitious and fabricated documents to the Court of Criminal Appeals. (*Id.* at 1-2.)

On November 1, 2022, and November 7, 2022, the plaintiff filed proof of service indicating that the defendant had been served with process on October 24, 2022.  (*See* docs. 6, 7.)  On November 14, 2022, the defendant moved to dismiss the complaint. (*See* doc. 8.)  The plaintiff subsequently moved for default judgment under Fed. R. Civ. P. 55(a), alleging that the defendant had failed to timely file an answer to his complaint.  (*See* doc. 11.)

---

[1] By *Special Order 3-251,* this *pro se* case has been automatically referred for full case management.

[2]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

## II.  ANALYSIS

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment.  There is a three-step process for securing a default judgment.  *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First a default occurs when a party "has failed to plead or otherwise defend" against an action.  Fed. R. Civ. P. 55(a).  Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise".  *See id.*; *N.Y. Life Ins.*, 84 F.3d at 141.  Third, a party may apply to the clerk or the court for a default judgment after an entry of default.  Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

Here, the defendant has defended the case by timely filing a motion to dismiss within 21 days of the date of service.  *See Rogers v. Barnhart*, 365 F.Supp.2d 803, 808 (S.D. Tex. 2004) (citing *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989) ("the filing of a motion to dismiss is normally considered to constitute an appearance")).  Because the defendant timely appeared and defended the case, there is no basis for the Clerk of Court to enter a default under Rule 55(a), even if the plaintiff had requested entry of default.  Without a prior entry of default, a party has no basis to seek a default judgment.  Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."  *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).  "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank*, 874 F.2d at 276).

Because the defendant has timely defended this action, and no default has been entered, entry of default judgment is not warranted.

### III. RECOMMENDATION

The plaintiff's motion for default judgment should be **DENIED**.

**SIGNED this 25th day of November, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE