IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY ALLEN CLAYBON, § | | |
|     Plaintiff, § | | |
| vs. § | Civil Action No. 3:22-CV-2185-S-BH | |
| § | | |
| DALLAS COUNTY DISTRICT § | | |
| ATTORNEY, § | | |
|     Defendant. § | Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, *Defendant Dallas County District Attorney's Rule 12(b)(6) Motion to Dismiss*, filed November 14, 2022 (doc. 8), should be **GRANTED**. The motion for leave to amend the complaint included within the plaintiff's "rebuttal" (doc. 13) to the motion to dismiss is **GRANTED**.

**I. BACKGROUND**

In a handwritten two-page complaint filed on October 3, 2022, Gregory Allen Claybon (Plaintiff) sues the "Dallas County District Attorney" (DA) for violation of his civil rights. (*See* doc. 3.) He alleges that at a hearing on September 27, 1993, the State coerced him into accepting an illegitimate five-year term of probation because he refused to plead guilty to a crime he did not commit. (*See id.* at 1; doc. 13 at 1-2.)[2] Although the five-year term of probation allegedly expired on September 26, 1998, he contends that the State had him illegally arrested in December 1999, and that it sent him to prison for ten years in violation of his Fourteenth Amendment rights in January 2000. (doc. 3 at 1; doc. 13 at 2.) He also claims that his petition for writ of habeas corpus was subsequently denied because the appellate attorney for the State knowingly and deliberately submitted fictitious and

---

[1] By *Special Order 3-251,* this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

fabricated documents to the Court of Criminal Appeals, and his conviction was affirmed. (doc. 3 at 1-2; doc. 13 at 3-4.) Plaintiff claims that because the court reporter's notes of the September 27, 1993 hearing could not be transcribed, he was entitled to a new trial, so the term of probation was illegitimate and his "conviction should be nulled [sic] and voided". (*Id.* at 1, 3; doc. 13 at 2.) He also seeks $10,000,000 in damages. (doc. 3 at 3.)

DA moves to dismiss the complaint on grounds that because it does not specifically name him or cite any actions taken by him since his term began in 2019, Plaintiff is actually suing the DA's Office, which is a non-jural entity. (doc. 8 at 2-4.) Plaintiff responds that he is "not trying to sue the Office of the D.A." or the current DA, and that the current DA "is the embodiment for the *entity* Dallas County District Attorney." (doc. 13 at 3-4 (*emphasis added*).)

## II.  RULE 12(b)(6)

DA moves to dismiss Plaintiff's complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (doc. 8.)

A.    **Legal Standard**

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th

Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196.

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss or in a response to a Rule 12(b)(6) motion to dismiss, a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail*

3

*Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007); *Walch v. Adjutant General's Dept. of Tex.*, 533 F.3d 289, 293–94 (5th Cir. 2008). If "matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Similarly, documents attached to a motion to dismiss or to a response to a motion to dismiss "are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003); *see Walch*, 533 F.3d at 293-94 (finding that reliance on documents attached to a response to a motion to dismiss was appropriate where the documents were "sufficiently referenced in the complaint"). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Accordingly, documents falling in these three categories may be properly considered without treating the motion to dismiss as a motion for summary judgment.

Plaintiff's response to DA's motion to dismiss clarifies the factual allegations in his complaint and appears to seek additional relief, i.e., to have his conviction be nullified and voided. (*See* doc. 13.) Because his *pro se* filing is properly construed as a motion for leave to amend and **GRANTED**,[3] his

---

[3]Because Plaintiff is proceeding *pro se*, his pleadings are to be provided "a liberal construction." *Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012). As a general rule, claims and allegations that are not raised in the complaint, but raised for the first time in a response to a motion to dismiss are not properly before the court. *See Hearn v. Deutsche Bank Nat'l Trust Co.*, 3:13-CV-2417-B, 2014 WL 4055473, *4 n. 3 (N.D. Tex. Aug. 15, 2014); *Middleton v. Life Ins. Co. of North America*, H-09-CV-3270, 2010 WL 582552, *5 (S.D. Tex. Feb. 12, 2010) (claim raised for

new allegations in his response are also considered part of the pleadings. *See Katrina Canal Breaches Litig.*, 495 F.3d at 205. Plaintiff has also submitted a copy of the trial court's "Order - Findings and Recommendations", entered on May 31, 2000, which states that the notes from the September 27, 1993 plea hearing cannot be transcribed. (doc. 16 at 2-3.) Because this document is a matter of public record, it may be considered without treating the motion to dismiss as a summary judgment motion. *Norris*, 500 F.3d at 461 n.9.

**B.     Non-Jural Entity**

As noted, DA contends that Plaintiff is actually suing the DA's Office, which is a non-jural entity. (doc. 8 at 2-4.) Plaintiff responds that he is not suing the DA's Office or the current DA, but "the embodiment for the *entity* Dallas County District Attorney." (doc. 13 at 3-4 (*emphasis added*).)

Based on his attempt to sue DA as an entity rather than as an individual, Plaintiff's complaint may be liberally construed as asserting claims against the DA's Office.[4] A plaintiff may not bring a civil rights action against a servient political agency or department unless the agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313–14 (5th Cir.1991). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit

---

first time in response to motion to dismiss was not properly before the Court) (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990)); *see also Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) (explaining that a claim raised for the first time in a response to a motion for summary judgment is not properly before the court). Nevertheless, in this circuit, courts should construe new allegations and theories in responses to dispositive motions as motions to amend. *Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992) (deciding that a response to a motion to dismiss in which plaintiff first alleged claim should be treated as a motion to amend); *see also Debowale v. U.S. Inc.*, 62 F.3d 395 (5th Cir. 1995) (per curiam) ("The district court should have construed [the plaintiff's] *Bivens* claim, raised for the first time in his response to the summary judgment motion, as a motion to amend the complaint under [Rule] 15(a) and granted it"). Plaintiff's new allegations in his response to Defendant's motion to dismiss are therefore construed as a motion to amend.

[4] Plaintiff initially filed a previous action against the DA's Office but subsequently named individual prosecutors, include the current DA, as defendants instead after being advised during the screening process that the office was a non-jural entity. *See Claybon v. Dallas County Criminal Court #1, et al.,* No. 3:21-CV-1864-L, 2022 WL 837932, *1 (N.D. Tex. Feb. 22, 2022) , *recommendation accepted*, 2022 WL 837196 (N.D. Tex. Mar. 21, 2022), appeal filed Apr. 11, 2022.

steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. The Dallas District Attorney's Office is not a jural entity subject to suit. *See Delta Fuel Co., Inc. v. Maxwell*, 485 F. App'x 685, 686–87 (5th Cir. Aug.10, 2012) (affirming the dismissal of § 1983 claim against a district attorney's office as a non-jural entity); *Dixson v. Dallas County Sheriff's Office*, No. 13-CV-4198-M, 2013 WL 6188225, *1 (N.D. Tex. Nov. 26, 2013) (finding that the Dallas County District Attorney's Office did not have a separate legal existence for purposes of suit); *Blaney v. Meyers*, No. 3:08-CV-1869-P, 2009 WL 400092 (N.D. Tex. Feb.17, 2009)) (finding that the Dallas County District Attorney's Office is not a jural entity); *Smithback v. Texas*, No. 3:07-CV-0288-M, 2007 WL 1518971, at *13 (N.D. Tex. May 24, 2007) (same); *Stephens v. Dist. Atty. of Dallas Cnty.*, No. 3:04-CV-l700-M, 2004 WL 1857085, at *3 (N.D. Tex. Aug. 19, 2004) (same), *recommendation accepted*, 2004 WL 1969403 (N.D. Tex. Sept. 7, 2004); *Smithback v. 265th Judicial Dist. Court*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *5 (N.D. Tex. June 3, 2002) (same).

Plaintiff's claims against DA as an "entity" should be liberally construed as a suit against his office and dismissed for failure to state a claim.

**C.   Heck v. Humphrey**

DA argues for the first time in his reply that to the extent that Plaintiff seeks to nullify and void his conviction, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (doc. 15 at 2-3 & n. 1.) In *Heck*, the Supreme Court held that to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized

6

to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." 512 U.S. at 486-87.

The purpose of filing a reply brief "is to rebut the nonmovant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *See Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239-40 (N.D. Tex. 1991). A movant is not ordinarily permitted to make new arguments in a reply because that would deprive the non-movant of a meaningful opportunity to respond. *See id.*; *see also Jackson v. Royal Caribbean Cruises, Ltd.*, 389 F. Supp.3d 431, 448 n. 10 (N.D. Tex. 2019) (citing *Highpoint Risk Servs. LLC v. Companion Prop. & Cas. Ins. Co.*, No. 3:14-CV-3398-L, 2015 WL 5613336 (N.D. Tex. Aug. 25, 2015), *rec. accepted*, 2015 WL 5666727 (N.D. Tex. Sept. 24, 2015) (declining to consider new arguments made for the first time in a reply brief).

Although DA's new argument responds to a new claim in Plaintiff's response, as discussed below, consideration of whether *Heck* bars Plaintiff's claims is not required because the issues in this case are appropriate for early and final determination. *See Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998) (noting that it is appropriate to resolve a question of immunity before reaching the *Heck* analysis).

### III. SUA SPONTE DISMISSAL

"District courts may, for appropriate reasons, dismiss cases *sua sponte*." *Carter v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (collecting cases). A court may *sua sponte* dismiss a plaintiff's claims under Rule 12(b)(6) for failure to state a claim "as long as the procedure employed is fair;" this requires notice of the intent to dismiss and an opportunity to respond. *See id.* at 498 (citing *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014)). The recommendation of a United States

Magistrate Judge that a case be dismissed *sua sponte* with an opportunity for the plaintiff to object satisfies this requirement. *See Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).

### A. Eleventh Amendment Immunity

Plaintiff's claims against DA as an "entity" may also be liberally construed as a lawsuit against him in his official capacity. An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). When acting in their official prosecutorial capacities, Texas district attorneys are considered agents of the State, so any suit against DA in his official capacity is a suit against the State of Texas. *See Neinas v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000); *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997); *Quinn v. Roach*, 326 F. App'x 280, 292-293 (5th Cir. May 4, 2009).[5]

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). This immunity applies to both federal and state law claims brought in federal court. *See Raj v. La. State Univ.*, 714 F.3d 322, 328-29 (5th Cir. 2013) (determining that

---

[5] "[W]hen acting in the prosecutorial capacity to enforce a state penal law, a district attorney is an agent of the state, not of the county in which the criminal case happens to be prosecuted." *Esteves*, 106 F.3d at 678. "[A] Texas County may[, however,] be held liable for acts of a district attorney 'for those duties of a prosecutor that are administrative and managerial in nature' if the prosecutor functions as a 'final policymaker' for the county instead of acting in her prosecutorial capacity as an agent for the state." *Id.* (citing *Brown v. Lyford*, 243 F.3d 185, 192 (5th Cir. 2001); *Esteves*, 106 F.3d at 678). Here, Plaintiff's claims arise from prosecutorial action in connection with the criminal proceedings against him, so his claims are against the State of Texas.

sovereign immunity bars both federal and state law claims brought in federal court); *Roberson v. McShan*, No. 05-20055, 2005 WL 2673516, at *1 (5th Cir. Oct. 20, 2005) (per curiam) (finding that Eleventh Amendment immunity divests federal courts of jurisdiction to hear federal and state law claims).

Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72–76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Commc'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983 or 42 U.S.C. § 1985. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Hines v. Miss. Dep't of Corr.*, No. 00-60143, 2000 WL 1741624, at *3 (5th Cir. Nov. 14, 2000) (per curiam). Additionally, "Congress did not abrogate Eleventh Amendment immunity by granting federal courts supplemental jurisdiction over state law claims in 28 U.S.C. § 1367(a). *Roberson*, 2005 WL 2673516, at *1 (citing *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541–42 (2002)).

Because Plaintiff's claims against DA are based on official prosecutorial conduct that occurred during the criminal proceedings against him, Eleventh Amendment immunity bars any claims against DA in an official capacity, and those claims should again be dismissed without prejudice.[6] *See Claybon v. Dallas County Criminal Court #1, et al.,* No. 3:21-CV-1864-L, 2022 WL 837932, *1 (N.D. Tex. Feb. 22, 2022), *recommendation accepted*, 2022 WL 837196, *2-4 (N.D. Tex. Mar. 21, 2022) (dismissing any official capacity claims against DA without prejudice for lack of subject matter jurisdiction based on Eleventh Amendment immunity), appeal filed Apr. 11, 2022.

---

[6] Claims barred by sovereign immunity can only be dismissed for lack of subject matter jurisdiction "and not with prejudice." *Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996).

### B. Supervisory Liability

To the extent that Plaintiff sues DA in his individual capacity, he again fails to state a claim. Supervisory officials cannot be held liable for the unconstitutional actions of their subordinates based on any theory of vicarious or *respondeat superior* liability. *See Estate of Davis ex rel. McCully v. City of North Richmond Hills*, 406 F.3d 375, 381 (5th Cir.2005). In order to prevail against a supervisor under § 1983, a plaintiff must show that: 1) the supervisor's conduct directly caused a constitutional violation; or 2) that the supervisor was "deliberately indifferent" to a violation of a constitutional right. *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir.2000). The acts of a subordinate "trigger no individual § 1983 liability." *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir.1999). There must be some showing of personal involvement by a particular individual defendant to prevail against such individual. *Id*. A plaintiff cannot make generalized allegations. *Howard v. Fortenberry*, 723 F.2d 1206 (5th Cir.1984); *Blakely v. Andrade*, 360 F.Supp.3d 453, 488–89 (N.D. Tex. 2019).

Here, Plaintiff makes no factual allegations to indicate that DA had any personal involvement in any violation of his constitutional rights, or that he implemented any policy resulting in a constitutional injury to him. Any claims against DA in an individual capacity should be dismissed with prejudice.

### C. Habeas Relief

Finally, Plaintiff's claim that his "conviction should be nulled [sic] and voided due to it being [] bogus and illegitimate" may be liberally construed as seeking habeas relief. (*See* doc. 13 at 2.)

To the extent Plaintiff seeks to have his conviction overturned, habeas relief is an inappropriate remedy in a § 1983 action. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). He may only obtain

declaratory or monetary relief in this § 1983 action, so he fails to state a cause of action upon which relief may be granted on any request for relief from his conviction.

## IV. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. Courts, nonetheless, may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), or if it finds that the plaintiff has alleged his or her best case, *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Because Plaintiff's claims are barred, this is his second action against DA, and he sues over actions taken more than 20 years ago, it appears that he has pled his best. No further opportunity to amend his complaint to sufficiently state a claim for relief is warranted.

## V. RECOMMENDATION

The defendant's motion to dismiss should be **GRANTED**, and the plaintiff's claims against the Dallas District Attorney's Office should be **DISMISSED with prejudice** for failure to state a claim. Any claims against the District Attorney in his official capacity should be *sua sponte* **DISMISSED without prejudice** for lack of subject matter jurisdiction, and any claims against him

in his individual capacity should be *sua sponte* **DISMISSED with prejudice** for failure to state a claim.

**SIGNED this 27th day of December, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE